Appeal of SHURTLEFF ICE CREAM    Docket No. 423.
CO.

Submitted May 7, 1925; decided May 21, 1925.

*H. D. Sampson, C. P. A.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

This appeal involves a deficiency in income and profits taxes for the calendar years 1918, 1919, and 1920, in the aggregate amount of $2,095.87. The taxpayer introduced no evidence, but, with respect to the amount claimed as a deduction in 1920 on account of the Wisconsin State income tax for that year, it submitted the appeal on the pleadings. The Commissioner introduced the returns of the taxpayer.

### FINDINGS OF FACT.

The taxpayer is a Wisconsin corporation with its principal office at Janesville. It computed and set up on its books on December 31, 1920, the amount of $1,814.99, Wisconsin income tax on the net income of 1920, and deducted it in its 1920 income-tax return. It kept its books on the accrual basis.

### DECISION.

The determination of the Commissioner is approved.

---

Appeal of GEORGE J. REID.    Docket No. 370.

Submitted May 8, 1925; decided May 21, 1925.

*C. J. Bullock, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The amount of the deficiency asserted and the tax in controversy is $3,396.17, income tax for the calendar year 1921.

### FINDINGS OF FACT.

1. In the year 1921 the taxpayer sold out his interest in the Saxe Co., a copartnership composed of the taxpayer and John E. Saxe, to John E. Saxe for the sum of $25,000. This sale was unconditional. After receiving the $25,000 from Saxe, the taxpayer loaned to him the amount of $25,000, for which a series of notes was given as eviddence of the indebtedness.

2. Subsequently, during the year 1921, Saxe induced the taxpayer to return to Milwaukee from Kansas City, where he had gone and

entered into business, on the pretense that arrangements would be made to pay off the notes. Upon his arrival in Milwaukee, the taxpayer went to the office of Saxe and there presented his notes for payment and, while a discussion was being had over the notes, they were attached by the sheriff in an action which had been brought by Saxe against the taxpayer.

3. The taxpayer immediately took legal steps to recover possession of the notes, and during the year 1921 the taxpayer was endeavoring to recover possession of the notes as well as to defend himself against charges of embezzlement which had been brought against him by Saxe. In defending the criminal proceedings brought against him and in recovering possession of the notes the taxpayer incurred a liability in the amount of $17,320.77 for attorneys' fees and court costs, which was paid in 1922.

4. In July, 1922, after the taxpayer had been acquitted of the charges of embezzlement, a settlement was made with Saxe whereby Saxe paid to the taxpayer, in payment of the said notes and accumulated interest thereon, $28,307.63.

5. The taxpayer sought to deduct the entire sum of $25,000 in his income-tax return for the year 1921, on the ground that the promissory notes were worthless during that year, but no testimony was introduced to show that the notes were valueless, that Saxe was unable to pay them, or that they were charged off the books of the taxpayer during the calendar year.

DECISION.

The determination of the Commissioner is approved.

---

Appeal of J. BACH CO.                    Docket No. 727.

Submitted May 7, 1925; decided May 21, 1925.

*John McD. Fox, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

This appeal involves a deficiency in income and profits taxes for the fiscal years ended January 31, 1919, and January 31, 1920, in the aggregate of $3,034.19. It is the contention of the taxpayer that the deficiency should be disallowed because the inventories at the end of the respective fiscal years upon which the income for those years was reported in the original returns were not based upon cost or market value, whichever was lower, and that it should be permitted to amend its inventories in order to reflect the cost or market value, whichever is lower.

FINDINGS OF FACT.

The taxpayer is a Wisconsin corporation with its principal office at Milwaukee. It was engaged in the business of dealer in hides, pelts, furs, tallow, and wool.